## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JANNIE PARROTT** | * | |
| **6 Woodhue Court** | | |
| **Windsor Hill, Maryland 21244-2222** | * | |
| | | |
| **Plaintiff,** | * | |
| | | |
| **v.** | * | **Civil Action No. _____** |
| | | |
| **MARYLAND DEPARTMENT OF** | * | |
| **LABOR, LICENSING, AND** | | |
| **REGULATION,** | * | |
| | | |
| <u>**Serve on:**</u> | * | |
| | | |
| **Hon. Leonard J. Howie, III** | * | |
| **Secretary** | | |
| **Maryland Department of Labor,** | * | |
| **Licensing, and Regulation** | | |
| **500 North Calvert Street** | * | |
| **Baltimore, Maryland  21202-3651** | | |
| | * | |
| **Defendant.** | | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jannie Parrott, by and through the undersigned attorney, hereby sues the

governmental Defendant Maryland Department of Labor, Licensing, and Regulation (hereinafter

referred to as variously as "Employer"  and "DLLR") for employment discrimination on account

of race, gender, age, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as

amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, *et seq.*, and the Age

Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 – 634 ("ADEA"), and in violation

of the Maryland statutory prohibition of certain unlawful employment practices, codified at § 20-

606(a)(1)(i) of the State Government Article, Md. Code.  Plaintiff contends that the Defendant

Employer discriminated against her as an older African American woman, effecting discrimination against her because of the combination of her race, gender, and age and also because of her earlier protected activity on behalf of another employee so as to give rise to unlawful retaliation.

In support of this action, which she prays in relevant part be tried before a jury, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action in accordance with 28 U.S.C. §§ 1331 and 1343, in that this action, in part, arises under the Constitution of the United States and the laws of the United States and asserts a violation of civil rights secured by the United States Constitution and by federal law.

2.  To the extent that this Court has original jurisdiction over one or more of the claims in this action in accordance with the legal authority identified in Paragraph No. 1, and that such claims brought by the Plaintiff under State law are so related to those claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, this Court has supplemental jurisdiction over such State law claims in accordance with 28 U.S.C. § 1367.

3.  Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b) because the Plaintiff's causes of action arose within the District of Maryland.  In addition, there is no other district within which this action may be brought, and the Defendant governmental entity is located in the State of Maryland.

## THE PARTIES

4.  Plaintiff Parrott is an African American female who, at the time of the events recounted herein, was a former teacher within the State correctional system when she previously

had served as an employee of the Maryland Department of Education.  She resides in the State of Maryland in Baltimore County.

5.  Defendant DLLR is an agency of the State of Maryland created under State law for the purpose, among other things, of providing job development and promotion to ensure that Maryland residents have the skills and expertise to secure the Maryland economy.  Defendant DLLR also has been given the responsibility for overseeing the safety of the workplace in Maryland.   Relevant to this action, DLLR has assumed responsibility over providing educational services to inmates confined within the prison system maintained by the State of Maryland.

## BACKGROUND FACTS

6.  Plaintiff is an African American woman who, at the time of the events that form the basis of the employment decision as to which this litigation concerns, was 59 years of age.

7.  In or about November 2011, Plaintiff applied for a number of positions with Defendant DLLR as a teacher within the correctional education system that Defendant DLLR operated within Maryland's prison system.

8.  At the time that she applied for one of the teaching positions for which Defendant DLLR was soliciting applicants, Plaintiff was more than qualified for the positions, having previously worked successfully within the Maryland correctional educational system not just at the posted position of teacher, but as a lead teacher, with more than 31 years of experience in education and nearly 15 years of experience in correctional education.

9.  The individual serving as the lead decision-maker for the position for which Plaintiff applied was James Younger, a senior administrator within the educational program administered by Defendant DLLR.

10.   After she applied for one of the teaching positions in or about the fall of 2011, Defendant DLLR found her qualified for the positions and invited her to interview for the positions.  Plaintiff appeared for the interview and performed capably during the interview.

11.   In or about December 2011, Mr. Younger informed Plaintiff by letter that she had not been selected for any of the four positions filled by Defendant DLLR.

12.   After being informed of the decision rejecting her application for employment, Plaintiff inquired regarding the candidates selected over her, learning in or about January 2012 that the individuals who had been hired in her place in December 2011, included three White candidates and one Black candidate, all younger than the Plaintiff, having less teaching experience than she had, less experience in correctional education, and these individuals also lacked the distinguished performance that past acknowledgement of Plaintiff's performance showed with two prior supervisors giving her an overall annual assessment of exceeding expectations.

13.   The decision maker, Mr. Younger, had a record of disparate hiring on race, both at Defendant DLLR and at his prior positions within the correctional education system in Maryland, in that Mr. Younger had never hired an African American to either a line teaching position or to a supervisory teaching position prior to December 2011, even though qualified African American candidates had been among the pool of candidates considered by Mr. Younger to fill teaching positions.

14.   During the course of Plaintiff's prior experience as a teacher within the Maryland correctional education program, Mr. Younger had been the Plaintiff's first line supervisor at the time that she was called to testify as a witness at a deposition on October 24, 2006, in an employment discrimination action then pending in the United States District Court for the District of Maryland (Greenbelt Division), *Wardy Weans v. Maryland State Department of*

4

*Education*, Civil Action No. PJM-05-2889.  As her first line supervisor, Mr. Younger was aware of Plaintiff's obligation to attend the deposition in the case and therefore not to have been present on her job.  Prior to the Plaintiff's appearance as a witness, Mr. Younger had acted favorably toward Plaintiff by allowing her to retain her status and pay as lead teacher upon her transfer to the Maryland Correctional Institution at Jessup ("MCIJ"), even though he already had in place another individual as lead teacher.  The practice of the facility was to have only one individual holding such a position.  After her appearance at the deposition, Mr. Younger changed in his treatment of Plaintiff, among other things, downgrading her end-of-year performance assessment just weeks after the appearance, to a grade of Meets Standards over Exceeds Standards from two prior supervisors.  *Animus* arising from Plaintiff's appearance as a witness in October 2006 and demonstrated by Mr. Younger's unwarranted downgrading of Plaintiff's performance appraisal in 2006 continued in December 2011 when such retaliatory *animus* played a substantial factor in Mr. Younger's decision not to hire Plaintiff for the positions that Mr. Younger filled in December 2011.  Her appearance as a deposition witness in a pending employment discrimination case was an activity protected by Title VII.

15.  Plaintiff timely filed a charge of employment discrimination with the Maryland Commission on Human Relations ("MCHR") regarding the December 2011 adverse decision by Defendant DLLR.  The charge of discrimination filed and the clarification of that charge subsequently offered by Plaintiff provided a basis upon which all the allegations of this Complaint could reasonably have been investigated by the agency responsible for the investigation of the charge.

16.  On or about August 28, 2013, the EEOC issued to Plaintiff notice of her right to sue with respect to the allegations set forth herein.  Plaintiff received the mailing of the notice of right to sue within several days of the date of the letter.

17.  This action is timely filed.

## CAUSES OF ACTION

### COUNT I
### (Race and Gender Discrimination in Violation of Title VII; and Age Discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 – 634)

18.  Plaintiff realleges the assertions made in paragraphs 1 through 17 as if these paragraphs had been fully set forth herein.

19.  Within a timely period after December 2011, Plaintiff filed with the MCHR a charge of employment discrimination, the investigation of which reasonably would have included allegations of race, gender, and age discrimination, in that Plaintiff contended that she had not been selected for the teaching position within the Maryland correctional education system because of her race, gender and age.  In making these allegations of race, gender, and age discrimination during the course of the administrative investigation of her charge of employment discrimination, Plaintiff proceeded in accordance with the procedural requirements of Title VII and the ADEA.

20.  Defendant DLLR acted unlawfully against Plaintiff, in violation of Title VII and the ADEA, in that officials of the Defendant DLLR decided not to select Plaintiff for the solicited positions in question because of Plaintiff's race, gender, and age.

21.  In so proceeding on behalf of the Defendant DLLR, Mr. Younger acted with malice deliberately to injure the federally protected interests of Plaintiff.

22.  As a direct and proximate result of the Defendant DLLR's wrongful acts, Plaintiff has been denied a work opportunity within the correctional education system administered by Defendant DLLR, and Plaintiff has also suffered, and will continue to suffer, actual damages, humiliation, embarrassment, as well as pain and suffering, from actions undertaken by Mr.

Younger and other officials of Defendant DLLR to discriminate against her for reasons of her race, gender, and age.

WHEREFORE, Plaintiff Parrott demands judgment against Defendant DLLR for compensatory damages of Five Hundred Thousand Dollars ($500,000.00), plus legal fees, costs, expenses of suit, and any other relief that the Court or a jury deems proper.

**COUNT II**
**(Maryland statutory prohibition of unlawful employment practices, codified at § 20-606(a)(1)(i) of the State Government Article, Md. Code)**

23.  Plaintiff realleges the assertions made in paragraphs 1 through 17 as if these paragraphs had been fully set forth herein.

24.  Within a timely period after December 2011, Plaintiff filed with the MCHR a charge of employment discrimination, the investigation of which reasonably would have included allegations of race, gender, and age discrimination, in that Plaintiff contended that she had not been selected for the teaching position within the Maryland correctional education system because of her race, gender and age.  In making these allegations of race, gender, and age discrimination during the course of the administrative investigation of her charge of employment discrimination, Plaintiff proceeded in accordance with the procedural requirements of Title VII and the ADEA.

25.  Defendant DLLR acted unlawfully against Plaintiff, in violation of § 20-606(a)(1)(i) of the State Government Article, Md. Code, in that officials of the Defendant DLLR decided not to select Plaintiff for the solicited positions in question because of Plaintiff's race, gender, and age.

26.  In so proceeding on behalf of the Defendant DLLR, Mr. Younger acted with malice deliberately to injure the state protected interests of Plaintiff.

27.  As a direct and proximate result of the Defendant DLLR's wrongful acts, Plaintiff has been denied a work opportunity within the correctional education system administered by Defendant DLLR, and Plaintiff has also suffered, and will continue to suffer, actual damages, humiliation, embarrassment, as well as pain and suffering, from actions undertaken by Mr. Younger and other officials of Defendant DLLR to discriminate against her for reasons of her race, gender, and age.

WHEREFORE, Plaintiff Parrott demands judgment against Defendant DLLR for compensatory damages of Five Hundred Thousand Dollars ($500,000.00), plus legal fees, costs, expenses of suit, and any other relief that the Court or a jury deems proper.

## COUNT III
### (Retaliation under Title VII)

28.  Plaintiff realleges the assertions made in paragraphs 1 through 17 as if these paragraphs had been fully set forth herein.

29.  Within a timely period after December 2011, Plaintiff filed with the MCHR a charge of employment discrimination, the investigation of which reasonably would have included allegations of retaliation, in that Plaintiff contended that she had not been selected for the teaching position within the Maryland correctional education system because of her prior protected activity as a witness appearing on behalf of another employee's Title VII litigation.  In making this allegation of retaliation, Plaintiff proceeded in accordance with the procedural requirements of Title VII of the Civil Rights Act of 1964, as amended.

30.  Defendant DLLR acted unlawfully against Plaintiff, in violation of Title VII, in that officials of the Defendant DLLR decided not to select Plaintiff for the solicited positions in question because of Plaintiff's prior protected activity as a witness on behalf of another employee's Title VII litigation in 2006.

31.  In so proceeding on behalf of the Defendant DLLR, Mr. Younger acted with malice deliberately to injure the federally protected interests of Plaintiff.

32.  As a direct and proximate result of the Defendant DLLR's wrongful acts, Plaintiff has been denied a work opportunity within the correctional education system administered by Defendant DLLR, and Plaintiff has also suffered, and will continue to suffer, actual damages, humiliation, embarrassment, as well as pain and suffering, from actions undertaken by Mr. Younger and other officials of Defendant DLLR to discriminate against her because of her earlier activity protected by Title VII.

WHEREFORE, Plaintiff Parrott demands judgment against Defendant DLLR for compensatory damages of Five Hundred Thousand Dollars ($500,000.00), plus legal fees, costs, expenses of suit, and any other relief that the Court or a jury deems proper.

## COUNT IV
### (Retaliation under Maryland Unlawful Employment Practice Law, codified at § 20-606(a)(1)(i) of the State Government Article, Md. Code)

33.  Plaintiff realleges the assertions made in paragraphs 1 through 17 as if these paragraphs had been fully set forth herein.

34.  Within a timely period after December 2011, Plaintiff filed with the MCHR a charge of employment discrimination, the investigation of which reasonably would have included allegations of retaliation, in that Plaintiff contended that she had not been selected for the teaching position within the Maryland correctional education system because of her prior protected activity as a witness appearing on behalf of another employee's Title VII litigation.  In making this allegation of retaliation, Plaintiff proceeded in accordance with the procedural requirements of Title VII of the Civil Rights Act of 1964, as amended.

35.  Defendant DLLR acted unlawfully against Plaintiff, in violation of § 20-606(a)(1)(i) of the State Government Article, Md. Code, in that officials of the Defendant DLLR decided not

to select Plaintiff for the solicited positions in question because of Plaintiff's prior protected activity as a witness on behalf of another employee's Title VII litigation in 2006.

36.  In so proceeding on behalf of the Defendant DLLR, Mr. Younger acted with malice deliberately to injure the state protected interests of Plaintiff.

37.  As a direct and proximate result of the Defendant DLLR's wrongful acts, Plaintiff has been denied a work opportunity within the correctional education system administered by Defendant DLLR, and Plaintiff has also suffered, and will continue to suffer, actual damages, humiliation, embarrassment, as well as pain and suffering, from actions undertaken by Mr. Younger and other officials of Defendant DLLR to discriminate against her for reasons of her prior protected activity under Title VII and § 20-606(a)(1)(i) of the State Government Article, Md. Code.

WHEREFORE, Plaintiff Parrott demands judgment against Defendant DLLR for compensatory damages of Five Hundred Thousand Dollars ($500,000.00), plus legal fees, costs, expenses of suit, and any other relief that the Court or a jury deems proper.

Respectfully submitted,


/s/
John H. Morris, Jr.
Trial Bar No. 00325
1210 East 33rd Street
Baltimore, Maryland 21218
(410) 366-5683

Attorney for Plaintiff Parrott

## REQUEST FOR JURY TRIAL

Plaintiff, Jannie Parrott, by and through the undersigned attorney, hereby requests trial by jury with respect to such portions of their claim as to which each is entitled a jury trial.

/s/
John H. Morris, Jr.