**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JANNIE PARROTT,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. JFM-13-3568** |
| **MARYLAND DEPARTMENT OF** | * | |
| **LABOR, LICENSING, AND** | | |
| **REGULATION,** | * | |
| **Defendant.** | * | |

*    *    *    *    *    *    *    *    *    *    *    *

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENANT'S MOTION**
**FOR DISCOVERY SANCTIONS**

Plaintiff, Jannie Parrott, by and through the undersigned counsel, hereby opposes Defendant's Motion for Discovery Sanctions.  For reasons more particularly set forth herein, that motion should be denied.

At the present time, a digital version of the answers to interrogatories with a written response to the Defendant's request for production of documents has been transmitted to Defendant's counsel.  A redacted copy of the answers to interrogatories so transmitted, together with the written response to Defendant's interrogatories has been appended to this memorandum in opposition as Exhibits 1 and 2 respectively. Accordingly, the discovery will be completed this date with transmission of the fully executed answers to interrogatories and electronic version of the documents responsive to the interrogatories and the request for production of documents.

Contrary to the assertion of the Defendant, the support for the motion does not demonstrate a sincere effort to resolve the pending discovery dispute short of court

intervention.  Indeed the last communications between counsel prior to the filing of the motion in question was not a bellicose refusal to comply with Defendant's requests so as to limit Defendant's discovery opportunity but counsel's repeated communications indicating a readiness to provide the discovery, together with counsel's earlier agreement to the Plaintiff's offer to confer upon presentation an accommodation to make extend discovery voluntarily beyond the discovery deadline after submission of the discovery in question.  As this opposition will affirm, on the very afternoon before the Defendant's motion was filed, counsel had conferred with Mr. Parrott to provide answer to certain of the interrogatory answer in an effort to provide the discovery during the early part of the following week.  The filing of the motion ended any apparent value in further consultation with Defendant's counsel respecting to the discovery in this case, as this opposition shows that matters in other cases with more pressing deadlines came to intervene.

Accordingly, the Defendant has failed either to demonstrate compliance with the spirit and the letter of this court's local rule requiring that counsel confer to resolve a matter before seeking discovery intervention by the Court, and given the proposed accommodation by Plaintiff's counsel, with the production of the discovery in question, the Defendant has failed also to demonstrate prejudice.  The relief sought is both precipitous and extreme in the circumstances.  The motion should be denied.

### FACTUAL BACKGROUND

Plaintiff asserts the following facts in opposing the Defendant's Motion:

1.  Plaintiff incorporates, as if they were stated herein the factual assertions supporting the Plaintiff's earlier filed motion to extend discovery deadline.  While that

motion sought to extend the discovery deadline one week, matters in other cases again compounded the difficulty presented counsel.

2.  The complications involved matters with respect to the following matters. Plaintiff's earlier motion to extend the discovery deadline highlighted two pending appeals for briefing in the United States Court of Appeals for the Fourth Circuit: *McCray v. Maryland Department of Transportation, Maryland Transit Administration,* Civil Action No. ELH-11-3732 and in *Valenzia v. Baltimore City Board of School Commissioners*, Civil Action No. CCB-12-0243.  The opening brief and joint appendix in the Valenzia appeal was filed on December 23, 2014, with the resolution of additional problems with the Joint Appendix proceeding until January 6, 2015, before the Fourth Circuit was satisfied with the submission.  As Plaintiff's counsel was addressing the required submission in the *Valenzia* appeal, counsel was also preparing the joint appendix and working on the opening brief and joint appendix in the *McCray* appeal.  The submission in that case was not completed until January 28, 2015.  The Respondent's brief in the *Valenzia* appeal was filed on January 26, 2015, and Plaintiff's counsel filed a Reply Brief in that appeal on February 11, 2015, the day before Defendant's filed the pending Motion for Discovery Sanctions.

3.  In a matter pending in this case, *Swiec v. Kodeck, et al,*. Civil Action No. JFM-13-3287, another case involving Plaintiff's counsel with another member of the Office of the Attorney General, Plaintiff's counsel was tasked to complete discovery anticipating a scheduled settlement conference before Magistrate Judge Gallagher on March 2, 2015. In that litigation, where counsel conferred to manage discovery, sets of answers to interrogatories filed by each of two defendants and a common request for production of

documents were prepared by counsel and delivered to opposing counsel on February 4, 2015.  On Friday, February 6, 2015, the deposition of the plaintiff in that action was taken at the Offices of the Attorney General, and, on Friday, February 13, 2015, the day after the Defendant here filed its pending motions, Plaintiff's counsel took the depositions of each of the two defendants in the Swiec litigation.  Beyond, the discovery in the Swiec litigation, Plaintiff's counsel developed and drafted both an ex parte letter to Magistrate Judge Gallagher and settlement demand to opposing counsel in the Swiec case delivered on Wednesday, February 18, 2015.  With the submitted letters from both counsel, Magistrate Judge Gallagher was able to determine by February 19, 2015, that the settlement conference then set for March 2, 2015 c should be postponed until after dispositive motions in the case could be resolved.

4.   Another pending litigation in this Court involving Plaintiff's counsel is *Garnett v. The Johns Hopkins Hospital*, Civil Action No. GLR-14-2402.  In that litigation, on December 15, 2015, the defendant had filed a motion to dismiss a portion of the action originally filed.  Counsel for both parties conferred in that matter and reached an understanding on January 28, 2015, that the plaintiff would not file an opposition to the defendant's motion, and that, within 30 days, plaintiff would amend the complaint to render moot the defendant's objections to the complaint.  During the interim the parties would confer regarding possible resolution of the action with the presentation by plaintiff of a settlement demand.  During the week of February 23, 2015, plaintiff's counsel conferred with the plaintiff in the action in question on two occasions to secure settlement authority.  On Friday, February 27, 2015, the plaintiff moved to amend the complaint and tendered a settlement demand.

4

5.  Counsel has been working with Plaintiff to complete the answers to interrogatories since January 2015.  Indeed, on the very afternoon before the evening that the Defendant filed its motion, Plaintiff's counsel had conferred with Ms. Parrott, reviewing answers to be added to the proposed interrogatory response to be completed over that following weekend.  With the filing of the Defendant's motion, ironically the urgency of the other matters noted above then took precedence, as the motion filed by the Defendant was subject to a response deadline of March 2, 2015, and the above matters carried earlier deadlines.

6.  Plaintiff has no objection to proceeding with discovery beyond the discovery deadline to advance the litigation.  While the above circumstances have limited Plaintiff's capacity to proceed without the delays encountered in providing the discovery, at no time has Plaintiff's counsel expressed any disinclination or refusal to reach accommodation regarding discovery.  At no time has counsel for Defendant spoken directly with counsel for Plaintiff regarding any specific exigency or difficulty arising from the delay, or proposed any resolution short of litigation with which Plaintiff was not in agreement.

7.  The above recitation of events over the last 45 days reflects the divided focus of Plaintiff's counsel on a variety of pressing matters in other cases that have complicated Plaintiff's counsel's ability to complete the discovery requests of the Defendant within the time frame apparently satisfactory to that party.  The recitation also reflects, as to these other matters, what counsel cooperating can achieve in the absence of any judicial intervention.   In this case, Defendant has failed to confer directly with counsel or proposed any such cooperative resolution respecting discovery prior to filing the pending

motion that Plaintiff has refused or objected to.  Defendant is now and will latter this day be in receipt of its requested discovery.

**DISCUSSION**

The Defendant's motion is understandably the result of frustration over admittedly repeated delays in meeting promised offers of discovery.  No doubt.  However, at no time have the opposing attorney conferred directly over the telephone or in person, and nothing in the email exchanges relied upon by the Defendant reflects any note but a readiness by Plaintiff to cooperate in getting the discovery to Defendant and an openness to discuss any further accommodation occasioned by the delays.  Such remains the case, and, in the absence of any initiative by the Defendant to engage in such discussion, it is hard to accept, as is maintained here, that the Defendant can demonstrate that parties have made the "sincere" effort contemplated by the Court's Local Rules, see Local Rule 104.7, to resolve the discovery dispute underlying the Defendant's motion.

Before the Defendant filed its motion on February 11, 2015, the record in just as undisputed, there had been no communication between the parties since February 2, 2015 – and that communication was initiated by Plaintiff's counsel without any response from opposing counsel.  Certainly, before proceeding with such a motion, a reasonable observer might expect a communication from the assertedly aggrieved party engaged in a "sincere" effort to resolve the dispute.  No such effort was made here.

In the circumstances, there is no prejudice to the Defendant other than time. Indeed, as Plaintiff is open to any accommodation to address that question, and as every indication reflects that to have been the case throughout, not even time presents prejudice here.

## CONCLUSION

For the reasons, set forth herein, the Court should deny the Defendant's motion for discovery sanction and direct that the parties confer and make sincere efforts to resolve any further disputes regarding discovery.

Respectfully submitted,

/s/
John H. Morris, Jr.
Trial Bar No. 00325
1210 East 33rd Street
Baltimore, Maryland  21218
(410) 366-5683

Attorney for Plaintiff Parrott

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of March 2015, a true copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion for Discovery Sanction was electronically transmitted to the Clerk of this Court in anticipation that a copy of this reply memorandum would in turn be transmitted electronically by the Clerk to M. Willis Gunther, Esquire, Assistant Attorney General, Maryland Department of Labor, Licensing & Regulation, Division of Workforce Development and Adult Learning, 500 N. Calvert Street, Suite #406, Baltimore, MD  21202

**/s/**
John H. Morris, Jr.