IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JANNIE PARROTT | * | |
| | * | |
| v. | * | Civil No. – JFM-13-3568 |
| | * | |
| MARYLAND DEPARTMENT OF | * | |
| LABOR, LICENSING, AND REGULATION | * | |

******

## MEMORANDUM

Plaintiff has filed this action for employment discrimination. Defendant has filed a motion for summary judgment, to which plaintiff has responded. The motion will be granted.[1]

The facts are clear. Plaintiff is an African-American female who was 59 years of age at the time she interviewed for a DLLR Correctional and Education teaching position in November 2011. Three persons interviewed her, two of whom were female, and one of whom was African-American. According to affidavits submitted by the two female interviewers, Jamie Younger, a white male who was chair of the interview team, did not influence them in their decision to rank plaintiff eleven out of thirteen of the persons interviewed. Rather, their low evaluations of plaintiff arose from the fact that she gave unsatisfactory answers to the questions she was asked during the interview. According to one of the two interviewers, plaintiff had a disinterested and unfocused demeanor.

Plaintiff's retaliation claim is based upon the fact that she gave a deposition on behalf of a disgruntled employee in 2006 and that Younger, was aware of that fact. Younger submitted an

---

[1] Defendant has also filed a motion for discovery sanctions. That motion is denied as moot in light of the fact that I am granting defendant summary judgment.

1

affidavit denying that he had knowledge of that fact.[2] Moreover, the fact that such a long time passed between plaintiff's giving of the deposition and the discriminatory act complained of substantially undercuts plaintiff's reliance upon the deposition as a basis for her retaliation charge.

I recognize that most of the Caucasians who applied for the position for which plaintiff was found disqualified were found qualified for the position. I note, however, that one African-American was found qualified, and that more Caucasians applied for the position than did African-Americans.

Finally, I note that there is no evidence to support plaintiff's claim of gender discrimination. Likewise, plaintiff has conceded that sovereign immunity bars her claims under the Civil Rights Discrimination in Employment Act, and there is no evidence whatsoever to support any claim for age discrimination under state law.

A separate order granting defendant's motion for summary judgment is being entered herewith.

Date: 4/7/15

J. Frederick Motz
United States District Judge

BY _____ DEPUTY
CLERK'S OFFICE
AT BALTIMORE
2015 APR -7 AM 11:27
U.S. DISTRICT COURT
FILED

---
[2] It is noteworthy that although in response to a motion to dismiss filed by defendant, plaintiff stated that it needed to take discovery, she in fact has taken no discovery.